| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:22-CR-78-TAV-JEM |
| | ) | |
| JOSE MANZANAREZ-HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal action is before the Court on defendant's *pro se* Motion for Review [Doc. 294] in which defendant seeks a reduction of his sentence. The government has responded [Doc. 295].

On August 31, 2023, defendant pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 168]. Defendant was sentenced to 168 months' imprisonment [*Id.*]. Defendant now argues that he is eligible for a mitigating role reduction under § 3B1.2 of the Sentencing Guidelines and a corresponding decrease in his base offense level under § 2D1.1(a)(5) due a recent amendment to the Guidelines [Doc. 294]. Specifically, defendant contends that Part A of the amendment "amends the mitigating role provisions in 2D1.1(a)(5) to refine the [d]rug trafficking guideline in cases where an individual received an adjustment under (3B1.2)" [*Id.* at 3]. Further, defendant asserts that the amendment "adds a new special instruction" and provides reductions depending on whether the defendant was a minimal participant in the criminal activity [*Id.*]. He asserts that qualifies for a retroactive

sentencing reduction based on the level of his participation in his offense of conviction [*Id.*].

The government responds that defendant cannot obtain relief under 18 U.S.C. § 3582(c)(2) because Amendment 833 is not retroactive [Doc. 295, p. 2].

"[T]here is no inherent authority for a district court to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). "A district court's discretion to modify an imposed term of imprisonment is an exception to the general rule that '[t]he court may not modify a term of imprisonment once it has been imposed[.]'" *Id.* (quoting 18 U.S.C. § 3582(c)). In general, "once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Pursuant to 18 U.S.C. § 3582(c)(2), "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 833, which amends the text of § 2D1.1 and the commentary of § 3B1.2, became effective on November 1, 2025. *United States v. Mendoza-Varga*, No. 25-10730, 2026 WL 2244198, at *3 (5th Cir. Aug. 3, 2026) (citation omitted). "Section 2D1.1(a)(5) of the Guidelines provides for a decrease in a defendant's base offense level if he receives a mitigating role adjustment under § 3B1.2." *Id.* (quoting U.S. SENT'G GUIDELINES MANUAL § 2D1.1(a)(5)). Amendment 833 adds "a special instruction to the text of

2

§ 2D1.1(e) 'to address the inconsistent application of § 3B1.2 in § 2D1.1 cases and to encourage broader use of § 3B1.2' in those cases." *Id.* (quoting U.S. SENT'G GUIDELINES MANUAL App. C, Amend. 833). "The special instruction provides that a reduction 'under § 3B1.2(a) is generally warranted if the defendant's primary function in the offense was plainly among the lowest level of drug trafficking functions, such as serving as a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout.'" *Id.* (quoting U.S. SENT'G GUIDELINES MANUAL § 2D1.1(e)(2)(B)(i)). It also states that a reduction "shall apply regardless of whether the offense involved other participants in addition to the defendant, and regardless of whether the defendant was substantially less culpable than the average participant in the criminal activity." U.S. SENT'G GUIDELINES MANUAL § 2D1.1(e)(2)(B).

To determine whether Amendment 833 applies retroactively, the Court must look to § 1B1.10(d). *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.10(d); *see also United States v. Dullen*, 15 F.3d 68, 70 (6th Cir. 1994) ("Amendment 459 is not listed in U.S.S.G. § 1B1.10(d), which exists precisely for the purpose of identifying those amendments that are intended to be effective retroactively."). Amendment 833 is not listed in § 1B1.10(d). *See id.*; *see also United States v. Herrera-Perez*, No. 16-CR-388, 2026 WL 1110265, at *2 (S.D.N.Y. Apr. 23, 2026) (finding that "Amendment 833 is not retroactive and courts . . . have routinely denied motions requesting a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 833"); *Mendoza-Varga*, 2026 WL 2244198, at *3 (finding that Amendment 833 "is not listed in § 1B1.10(d) as being retroactively

Case 3:22-cr-00078-TAV-JEM    Document 298    Filed 08/12/26    Page 3 of 4    PageID #: 1675

applicable"). Therefore, Amendment 833 is not retroactive, and defendant is not eligible for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2).

Even if Amendment 833 was retroactive, it would not reduce defendant's sentence. "The Amendment's modification to § 2D1.1(a)(5) pertains to defendants who received a mitigating role adjustment under § 3B1.2." *Herrera-Perez*, 2026 WL 1110265, at *2. Here, defendant did not receive an adjustment under § 3B1.2, which applies to defendants who performed low-level trafficking functions, like "serving as a courier" or "running errands" [*See* Doc. 165]. U.S. SENT'G GUIDELINES MANUAL § 2D1.1(e)(2)(B)(i). Conversely, defendant was the "main source of supply" in a methamphetamine conspiracy which existed in the Eastern District of Tennessee and elsewhere [Doc. 165, pp. 5–6]. Therefore, the modifications that resulted from Amendment 833 would not apply to defendant even if Amendment 833 was retroactive. Accordingly, defendant's *pro se* Motion for Review [Doc. 294] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

4